UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Leslie Otero, <br>     Petitioner <br><br> — against — <br><br> United States of America, <br>     Defendant. | **10-CR-743 (ARR)** <br> **16-CV-3072 (ARR)** <br><br> **Opinion & Order** <br><br> **Not for electronic or print publication** |

ROSS, United States District Judge:

Petitioner, Leslie Otero, brings this petition under 28 U.S.C. § 2255 to vacate his conviction under 18 U.S.C. § 924(c)(1)(A) and to be resentenced on his conviction for attempted bank robbery pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons that follow, I deny Otero's § 2255 petition in its entirety.

## BACKGROUND

The federal criminal charges against Otero and his co-defendant, Michael Leyones, stemmed from their attempt to rob a bank at gunpoint on August 30, 2010. Otero pleaded guilty to two counts: (1) attempted bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and (2) using and carrying a firearm in relation to a "crime of violence"—the attempted bank robbery—in violation of 18 U.S.C. § 924(c)(1)(A)(ii)&(iii). *See* J. of Conviction, ECF No. 69.[1] I sentenced Otero to three and one-half years of imprisonment on the attempted bank robbery count, consecutive to five years of imprisonment on the 924(c) count, for a total prison sentence of 102 months. *Id.* Because it was undisputed that Mr. Otero was a "career offender" under the Sentencing Guidelines, his advisory guidelines range of imprisonment was 308 to 355 months of imprisonment. *See* July 25,

---

[1] All citations to documents posted on ECF are to the docket of case no. 10-CR-743.

1

2013 Sentencing Mins. 5, 13–14, ECF No. 71. Had Mr. Otero not been deemed a career offender, however, his advisory guidelines sentences would have instead been 166 to 177 months of imprisonment. Mem. of Law in Support of Mot. to Vacate 3, ECF No. 75 ("Pet'r Mem. of Law").

On June 13, 2016, Otero timely[2] filed the present petition pursuant to 28 U.S.C. § 2255. *See* Pet., ECF No. 72. Otero seeks to vacate his conviction under 18 U.S.C. § 924(c)(1)(A) for using and carrying a firearm in relation to a crime of violence because attempted bank robbery under 18 U.S.C. § 2113 is not a "crime of violence" as that term is defined in 18 U.S.C. § 924(c)(3). Pet'r Mem. of Law at 17–35. Otero also argues that he was improperly sentenced as a career offender based on his conviction for robbery in the second degree under New York law because the residual clause of the Career Offender Guideline is void for vagueness, and thus he should be resentenced. *Id.* at 9–17. Both claims rely on the application of *Johnson* to invalidate the "residual clause" of, respectively, 18 U.S.C. 924(c) and U.S.S.G § 4B1.2. The government opposes petitioner's motion. *See* Gov't's Mem. of Law in Opp'n to Pet., ECF No. 83 ("Gov't Mem. of Law").

Since the time of this briefing, the United States Supreme Court has issued two decisions on the application of *Johnson* that are relevant to this case. In *Beckles v. United States*, the Court held that the residual clause of the Career Offender Guideline is not void for vagueness because the advisory guidelines "merely guide the district courts' discretion" and thus "are not amenable to a vagueness challenge." 137 S. Ct. 886, 894 (2017). In *Dimaya v. Sessions*, on the other hand, the Court held that 18 U.S.C. § 16(b) was void for vagueness. 138 S. Ct. 1204 (2018). And the Second Circuit has described 16(b) as "materially indistinguishable" from 924(c)'s residual clause. *United States v.*

---

[2] Otero's petition is timely because it was filed within one year of the date *Johnson* was decided. *See* 28 U.S.C. § 2255(f)(3) (providing a petition is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court").

2

*Hill*, 832 F.3d 135, 148 (2d Cir. 2016);[3] *see also United States v. Acosta*, 470 F.3d 132, 134 (2d Cir. 2006) (describing 18 U.S.C. § 16 as "contain[ing] virtually identical language to 924(c)(3)").

## DISCUSSION

### A.     Attempted bank robbery is a crime of violence under 924(c)'s force clause.

Otero argues that his conviction under 18 U.S.C. § 924(c)(1)(A) should be vacated because bank robbery under 18 U.S.C. § 2113(a) and (d) is not a "crime of violence" as defined by 18 U.S.C. 924(c)(3). To prevail on this claim, Otero must show that § 2113 bank robbery falls under *neither* the "force clause" of § 924(c)(3)(A) (which defines a "crime of violence" to include a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another") *nor* the "residual clause" of § 924(c)(3)(B) (which defines a "crime of violence" to include a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense").

The argument Otero advances cannot prevail. Although I will assume for the purposes of deciding this § 2255 petition that *Dimaya* invalidated 924(c)'s residual clause as unconstitutionally vague, all relevant authority, including recent Second Circuit decisions, indicates that bank robbery under § 2113(a) and (d) falls within the scope of the force clause of § 924(c)(3)(A).

In another 2015 case titled *Johnson* (hereinafter "*Leonard Johnson*"), the Second Circuit considered a § 2255 petition by a criminal defendant who — like Otero — was convicted of both bank robbery under § 2113(a) and (d), as well as using and carrying a firearm in relation to a crime of violence under § 924(c). *Leonard Johnson v. United States*, 779 F.3d 125 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 209 (2015). As was the case here, bank robbery under § 2113 constituted the "crime of violence" that served as the predicate for Leonard Johnson's § 924(c) conviction. He challenged

---

[3] In light of *Dimaya*, the Second Circuit issued an amended, superseding opinion in *Hill* on May 9.

his conviction on the 924(c) count because the predicate crime of violence—his conviction under 18 U.S.C. § 2113(a)—was vacated on a prior appeal as a lesser-included offense that should have merged into his conviction for 18 U.S.C. § 2113(d). *Id.* at 127. The court rejected this challenge, holding that "§ 924(c) requires only that the predicate crime of violence" was committed, not that a defendant was convicted of such a predicate offense. *Id.* at 129–30. In reaching this conclusion and affirming the denial of the § 2255 petition, the Second Circuit stated that "[a]mong the crimes of violence that may serve as a predicate for a § 924(c) conviction are the bank robbery and armed bank robbery offenses [of 18 U.S.C. § 2113(a) and (d)]." *Id.* at 128. This is because bank robbery under 18 U.S.C. § 2113(a) and (d) constitutes a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," and thus falls under the definition of crime of violence in the force clause of § 924(c)(3)(A). *Id.* at 128−29; *see also Killion v. United States*, __ F. App'x __, 2018 WL 1415137 (2d Cir. Mar. 22, 2018) (summary order) (holding that armed bank robbery under 18 U.S.C. § 2113(a) qualifies as a "violent felony" under the Armed Career Criminal Act's force clause); *United States v. Pena*, 161 F. Supp. 3d 268, 274–75 (S.D.N.Y. 2016) ("The Second Circuit . . . said expressly [in *Leonard Johnson*] that federal bank robbery under 18 U.S.C. § 2113(a) . . . is a crime of violence under the Force Clause.").

In 2016, after *Leonard Johnson* was decided, the Fourth Circuit explicitly held "that bank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 924(c)(3)" and that "§ 2113(d) armed bank robbery . . . is also a crime of violence under the force clause." *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016). In reaching this conclusion, the court of appeals explained its reasoning as follows:

> Armed bank robbery under § 2113(d) has four elements: (1) the defendant took, or attempted to take, money belonging to, or in the custody, care, or possession of, a bank, credit union, or saving and loan association; (2) the money was taken "by force and violence, or by intimidation"; (3) the deposits of the institution were

4

federally insured; and (4) in committing or attempting to commit the offense, the defendant assaulted any person, or put in jeopardy the life of any person, by the use of a dangerous weapon or device. The first three elements of armed bank robbery are drawn from § 2113(a) and define the lesser-included offense of bank robbery. The fourth element is drawn from § 2113(d). . . .

Our sister circuits have uniformly ruled that other federal crimes involving takings "by force and violence, or by intimidation," have as an element the use, attempted use, or threatened use of physical force. . . . The logic of those decisions is straightforward. A taking "by force and violence" entails the use of physical force. Likewise, a taking "by intimidation" involves the threat to use such force. . . . Bank robbery under § 2113(a), "by force and violence," requires the use of physical force. Bank robbery under § 2113(a), "by intimidation," requires the threatened use of physical force. Either of those alternatives includes an element that is "the use, attempted use, or threatened use of physical force," and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3).

*Id.* at 152−53.

In fact, every federal court of appeals to consider the issue since *Johnson* has similarly held that bank robbery under 18 U.S.C. § 2113(a) and (d) is a crime of violence under 924(c)'s force clause. *See United States v. Watson*, 881 F.3d 784, 784 (9th Cir. 2018) (*per curiam*); *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016); *United States v. Armour*, 840 F.3d 904, 907 (7th Cir. 2016); *Holder v. United States*, 836 F.3d 891, 892 (8th Cir. 2016); *see also United States v. Wilson*, 880 F.3d 80, 88 (3d Cir. 2018) (holding that federal bank robbery under § 2113 qualifies as a crime of violence under the Career Offender Guideline's almost identically worded force clause); *United States v.* Ellison, 866 F.3d 32, 35 (1st Cir. 2017) (same); *United States v. Brewer*, 848 F.3d 711, 713–16 (5th Cir. 2017) (same); *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) (same).

I concur with this consensus of authority. Moreover, as is evident from the Fourth Circuit's reasoning in *McNeal*, the fact that Otero pled guilty to attempted bank robbery, rather than completed bank robbery, does not change the analysis. After all, the definition of "crime of violence" in 924(c)'s force clause includes any felony that "has as an element the use, *attempted use*, or threatened use of physical force." 18 U.S.C. § 924(c)(3)(A) (emphasis added). Thus, because

5

attempted bank robbery in violation of 18 U.S.C. § 2113(a) and (d) is a "crime of violence" under § 924(c)'s force clause, Otero's petition to vacate the 924(c) count of his conviction is denied.

**B. Second degree robbery is a crime of violence under the Career Offender Guideline.**

Otero also argues that he was improperly sentenced under the Career Offender Guideline, U.S.S.G. § 4B1.1, because he was found to be a career offender based on two convictions and one of them is not a qualifying offense in light of *Johnson*. Pet'r Mem. of Law at 11–17. Specifically, "Mr. Otero's conviction for robbery in the second degree [under New York law] is not [a] qualifying offense, and absent that offense he would have not been found to be a career offender." *Id.* at 11. In support of this argument, Otero offers the following claims. "First, Robbery is not an enumerated offense" listed in U.S.S.G. § 4B1.2(a)(2). *Id.* "Second, the residual clause [of U.S.S.G. § 4B1.2(a)] is now unconstitutional and therefore cannot be used to qualify any offense as a violent felony. And third, although N.Y. Penal Law 160.10 requires force, it is not the kind of violent physical force required for the force clause" of the Career Offender Guideline. *Id.*[4]

Otero's arguments fall flat, however, in light of subsequent precedent. As previously discussed, the Supreme Court held in *Beckles* that the residual clause of the Career Offender Guideline is not void for vagueness. 137 S. Ct. at 890, 895. Thus, I must reject Otero's arguments for resentencing

---

[4] Mr. Otero states in a footnote that he does not concede that his other predicate conviction—for criminal sale of a controlled substance in the fifth degree—is a qualifying offense for purposes of the Career Offender Guideline either, but does not provide any authority or argument for why this conviction is not a "controlled substance offense." *See* Pet'r Mem. of Law at 11 n.3. I note that there is a split of authority as to whether this offense—N.Y. Penal Law § 220.31—qualifies as a controlled substance offense under the Guidelines. *See United States v. Davis*, 873 F.3d 343, 345 (1st Cir. 2017) (holding that it does); *United States v. Santos*, 16-cr-302, 2018 WL 654443, at *7 (E.D.N.Y. Jan. 31, 2018) (same); *United States v. Laboy*, 16-cr-669, 2017 WL 6547903, at *2–7 (S.D.N.Y. Dec. 20, 2017) (same); *United States v. Barrow*, 230 F. Supp. 3d 116, 125 (E.D.N.Y. 2017) (holding that it does not). I will refrain from deciding this question, however, as it was not briefed and is essentially academic. Since Otero has already been released from prison, a resentencing would do him little good.

if his conviction for robbery in the second degree under New York law qualifies as a "crime of violence" under *either* the residual clause or the force clause of the Career Offender Guideline in effect at the time of Otero's sentencing.[5] And the Second Circuit has definitively answered this question: N.Y. Penal Law § 160.10 is a crime of violence under U.S.S.G. § 4B1.2's residual clause. *United States v. Dove*, 884 F.3d 138, 151–52 (2d Cir. 2018); *United States v. Smith*, 884 F.3d 437, 441 (2d Cir. 2018). In sum, because Otero's conviction for robbery in the second degree is a qualifying "crime of violence" for purposes of the Career Offender Guideline, U.S.S.G. § 4B1.1, I will also deny his petition to set aside his sentence and resentence him.

## CONCLUSION

For the foregoing reasons, Leslie Otero's § 2255 petition is denied. Because he has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue, although Otero may make such an application to the Second Circuit.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated: May 15, 2018
Brooklyn, New York

---

[5] While the Guidelines were amended in 2016 to remove the residual clause from § 4B1.2(a), this has no bearing on whether Otero could have been properly sentenced under this clause in 2013.

7